IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 1, 2012

**STATE OF TENNESSEE v. CANDICE STINSON**

**Appeal from the Criminal Court for Shelby County**
**No. 11-01678   Chris Craft, Judge**

_____

**No. W2011-02441-CCA-R3-CD  - Filed February 4, 2013**

_____

The Defendant, Candice Stinson, was convicted by a Shelby County Criminal Court jury of fourteen counts of cruelty to animals, a Class A misdemeanor. See T.C.A. § 39-14-202 (2010).  For each count, the trial court imposed a sentence of eleven months and twenty-nine days, with six months to be served in jail, and a $200 fine, all to be served concurrently.  The court also ordered her to pay $4824 in restitution to the City of Memphis Animal Services and prohibited her from owning animals for ten years and from owning animals for commercial purposes for life.  On appeal, the Defendant contends that the trial court erred by denying her full probation and requiring her to serve seventy-five percent of her sentence before becoming eligible for release.  We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROGER A. PAGE, JJ., joined.

Linda Kendall Garner, Memphis, Tennessee, for the appellant, Candice Stinson.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Betsy Weintraub, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In March 2011, a Shelby County grand jury indicted the Defendant, Candice Stinson, on nineteen counts of cruelty to animals.  The record shows the jury found the Defendant guilty of fourteen counts of animal cruelty but does not include a transcript of the trial or a statement of the evidence.  The sparse record reflects that the Defendant failed to provide the

necessary food, water, and care for a number of pit bull terriers, which required some of the dogs to be euthanized.

The Defendant contends that the trial court erred by denying full probation and requiring her to serve seventy-five percent of the sentence in incarceration before becoming eligible for release. She argues that a sentence including six-months' confinement and a ten-year ban on dog ownership is not the "'least severe measure necessary to achieve the purpose for which the sentence is imposed.'" See T.C.A. § 40-35-103(4) (2010). The State contends that the Defendant has failed to provide an adequate record on appeal and that the appeal should be dismissed. In the alternative, the State contends that the trial court properly sentenced the Defendant. We note that the Defendant has failed to include a trial transcript in the record. We conclude that this failure precludes an adequate review of her sentence and requires this court to presume that the evidence supported the sentences.

On appeal, the Defendant was required to prepare a record that conveyed a fair, accurate, and complete account of what transpired with respect to those issues that are the bases of the appeal. T.R.A.P. 24(b); State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993). If no transcript is available, Tennessee Rule of Appellate Procedure 24(c) allows a statement of the evidence to be submitted. The facts and circumstances of the offense were relevant to the trial court's sentencing determination, and the trial transcript recording those facts and circumstances or a statement of such is absent from the record.

The trial transcript or a statement of evidence is essential to a proper review of sentencing. See State v. Andre Jabbar Johnson, No. W2009-02366-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App. Nov. 17, 2010), perm. app. denied (Tenn. March 18, 2011). "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991); see also State v. Roberts, 775 S.W.2d 833, 836 (Tenn. Crim. App. 1988). Nothing in the existing record shows otherwise. The Defendant is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE